UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE TERTAR CLARK, #498166,

    Petitioner,

Civil No: 08-CV-10321
Honorable Marianne O. Battani
Magistrate Judge Charles E. Binder

v.

JERI ANN SHERRY,

    Respondent.
_____/

**OPINION AND ORDER DENYING
RESPONDENT'S MOTION TO DISMISS**

This matter is presently before the Court on Respondent's motion to dismiss. Petitioner has not responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide the motion without oral argument.

Petitioner was convicted[1] in Wayne County Circuit Court of two counts of first-degree premeditated murder, Mich. Comp. Laws §750.316(1)(a); two counts of first-degree felony murder, Mich. Comp. Laws §750.316(1)(b); and one count of assault with intent to commit murder, Mich. Comp. Laws. §750.83. He was sentenced to mandatory life imprisonment without the possibility of parole for the first-degree premeditated murder convictions and fifteen to thirty years' imprisonment for the assault convictions.[2] The conviction and sentence were affirmed by the Michigan Court of Appeals. *See People v. Clark,* 2005 WL 3556153 (Mich. App. Dec. 29, 2005). The Michigan Supreme Court denied Petitioner's

---

[1] Petitioner was tried jointly with two other co-defendants in a single jury trial.

[2] Petitioner was not sentenced for the felony murder convictions ostensibly due to double jeopardy concerns.

application for leave to appeal. *See People v. Clark*, 476 Mich. 855; 717 NW2d 886 (2006). Petitioner pursued no other avenues of relief in state court.

In the instant habeas petition, Petitioner asserts four grounds for contending that he is being held unlawfully: (1) Petitioner was denied the right to exercise preemptory challenges and was, therefore, denied due process; (2) insufficient evidence to convict of first-degree murder or assault with intent to commit murder; (3) improper jury instructions regarding aiding and abetting; and (4) ineffective assistance of trial and appellate counsel. In Respondent's motion to dismiss, it is correctly noted that the instant petition contains both exhausted and unexhausted claims. The fourth claim was not presented to the Michigan Court of Appeals; the issue was raised, however, in Petitioner's *pro se* application for leave to appeal filed with the Michigan Supreme Court. (Pet. at 10). Respondent requests that the petition be dismissed in its entirety or in the alternative Petitioner should withdraw the unexhausted claim and proceed on the exhausted habeas issues. As noted above, Petitioner has not responded. Nor has he offered to withdraw the unexhausted claim. Petitioner does state that "[o]ther claims appellate counsel omitted are apparent of the record and may necessitate seeking a stay and abey procedure." *Id.* at 9. However, Petitioner has not filed a motion requesting a stay of these proceedings.

Generally, "mixed petitions" (i.e., those containing both exhausted and unexhausted claims) must be dismissed in order to enforce the longstanding requirement that a habeas petitioner, confined on the authority of a state court judgment, must first exhaust his remedies in state court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1)(A). As the Supreme Court explained in *Rose*,

> [t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Because "it would be unseemly in our dual system of government for a federal district court to upset
> a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."
>
> A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error. As the number of prisoners who exhaust all of their federal claims increases, state courts may become increasingly familiar with and hospitable toward federal constitutional issues. Equally as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.

455 U.S. at 518-19 (citations and footnote omitted).

More recently, the Supreme Court held that district courts have the discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). While the Supreme Court authorized district courts to employ this "stay-and-abeyance" procedure, it cautioned them to limit its use to appropriate cases:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

> \* \* \*
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

The Court is not persuaded that "stay and abeyance" is appropriate in the present case. Although Petitioner makes the statement in his habeas petition that his fourth habeas claim was not raised in the state courts due to "ineffective assistance of appellate counsel," he has not requested a stay of these proceedings. The Court notes there is no time limit applicable to motions brought under MCR 6.502. Therefore, Petitioner could have filed such a motion at any time after he was convicted.[3] Had he done so at any time prior to the expiration of the one-year limitations period applicable to habeas petitions, the limitations period would have been tolled while that motion was pending. *See* 28 U.S.C. § 2244 (d)(1), (d)(2). Instead, after the Michigan Supreme Court denied his application for leave to appeal on July 31, 2006, Petitioner took no action for nearly a year when he finally filed the instant petition on October 26, 2007.[4]

---

[3]The mere fact that petitioner is acting *pro se* does not constitute good cause for his failure to pursue available state court remedies. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

[4]Although the Court recognizes that an incarcerated habeas petitioner's pleadings are deemed filed on the date the pleading is signed and dated, *Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004), the Court also notes a

Since Petitioner has not requested a stay of these proceedings setting forth "good cause" for his failure to present his fourth habeas claim to the state courts, nor has he responded to Respondent's motion to dismiss, the Court is not inclined to *sua sponte* stay these proceedings. The Court shall nonetheless permit Petitioner to withdraw his unexhausted claim and proceed solely with his first three claims. As indicated by the Supreme Court in *Rhines*, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." 544 U.S. at 278. In the present case, dismissal of the entire petition would preclude habeas review even of petitioner's exhausted claim, as the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) has expired.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss [Dkt. # 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner must notify the Court and Respondent in writing within thirty (30) days of the date of this opinion whether he is withdrawing his fourth habeas claim (ineffective assistance of trial and appellate counsel). If Petitioner withdraws the claim, the Court will proceed to review only the first three claims. If Petitioner does not withdraw his fourth claim, or if he fails to inform the Court and Respondent of his

---

significant delay between when the habeas petition was signed and dated in this case (October 26, 2007) and the date the petition was actually received and entered by this Court (January 23, 2008).

intentions within thirty (30) days of the date of this opinion, the Court will dismiss all three claims pursuant to *Rose v. Lundy.*

**SO ORDERED.**

                                              s/Marianne O. Battani
                                              HONORABLE MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT COURT

Dated: September 17, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record electronically and/or U.S. Mail.

                                              s/Bernadette M. Thebolt
                                              Case Manager