# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HORACE TERTAR CLARK,

               Petitioner,

v.

                               CIVIL NO. 2:08-CV-10321
                               HONORABLE MARIANNE O. BATTANI
                               UNITED STATES DISTRICT COURT

DEBRA SCUTT,

               Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS

Horace Tertar Clark, ("Petitioner"), presently confined at the Chippewa

Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. [1]  In his application, filed *pro se*, petitioner

challenges his convictions for two counts of first-degree murder, M.C.L.A.

750.316(1)(a); and one count of assault with intent to commit murder, M.C.L.A.

750.83.  For the reasons stated below, the petition for writ of habeas corpus is

**DENIED.**

---

[1]  When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Cotton Correctional Facility, but has since been transferred to the Chippewa Correctional Facility.  The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is the warden of the Chippewa Correctional Facility, the current location of petitioner.  However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

# I. Introduction

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court, in which he was jointly tried with co-defendants Donmisce Clark and Arthur Sumerlin. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009): [2]

> In these consolidated appeals, defendants were convicted of various charges arising out of multiple shootings at a Detroit drug house. Two victims died from gunshot wounds, and a third individual survived after being shot in the head. [3]
> *******************************************************************************
> Jovan Stanton testified that defendant Sumerlin at first held her, Corey Brown, and the two children at gunpoint in the upstairs of the home. Sumerlin forced Stanton and the others to put pillowcases over their heads. At gunpoint, Sumerlin then ordered everyone to go downstairs. Stanton further testified that on her way down the steps, she saw Pia Stanton lying on the floor wrestling with defendant Horace Clark, and she saw defendant [Donmisce Clark] standing next to Pia. Stanton stated that defendant [Donmisce Clark] then directed Sumerlin to take her, Brown, Armanda, and Lexus to the basement. Sumerlin took the four down to the basement as directed and forced them to sit on the floor. Stanton testified that she heard "bumping" noises going on upstairs for a couple of minutes, followed by a gunshot and silence. After the gunshot, one of the intruders joined Sumerlin and the four victims down in the basement, although Stanton could not identify whether it was Horace Clark or defendant [Donmisce Clark]. Sumerlin then forced Stanton, Armanda, and Lexus into a basement bathroom;

---

[2] To avoid confusion, the Court, has added brackets to identify the individual defendants by name where the Court of Appeals has only referred to that person as "defendant".

[3] The two murder victims were Pia Stanton and Corey Brown, and the surviving victim is Jovan Stanton.(footnote original).

Brown was left outside the bathroom door. As he was directing Stanton into the bathroom, Sumerlin took her jewelry and one of the other intruders took her money. While in the bathroom, Stanton, who had been speaking with Brown through the door, heard a gunshot within close range, and Brown was not heard from again. Soon thereafter, Stanton was led to the basement stairs, with Sumerlin in front of her and one of the other intruders behind her. Stanton was then shot in the head at close range. Armanda testified that it was Horace Clark who at first held the victims at bay upstairs and forced them to put pillowcases over their heads. Armanda stated that, as Horace Clark was leading her downstairs, she observed defendant [Donmisce Clark] and Sumerlin wrestling with Pia Stanton. When the victims and Horace were all down in the basement, Armanda heard bumping noises coming from upstairs and then a gunshot. Defendant [Donmisce Clark] then came down to the basement and directed Horace to take the four occupants into the basement bathroom. Additionally, as noted above, Katrina Brown testified that the three defendants were together at her home on the day of the crime and then left together, shortly before the crimes were committed, following a call from a woman who spoke with defendant [Donmisce Clark].

*********************************************************************************

*People v. Clark,* Nos. 256190, 256192, 256193, * 1, 8 (Mich.Ct.App. December 29, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 476 Mich. 855; 717

N.W. 2d 886 (2006).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was erroneously denied the right to exercise peremptory challenges, thereby violating petitioner's right to an impartial jury and due process of law. US Const, Ams VI, XIV.

II. There was insufficient evidence to convict petitioner of first-degree murder or assault with intent to commit murder.

III. The trial court's failure to instruct the jury that aiders and abettors must have the specific intent to commit the crimes violated petitioner's

V, VI, and XIV Amendment rights. [4]

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court
shall not be granted with respect to any claim that was
adjudicated on the merits in State court proceedings unless
the adjudication of the claim–
(1)     resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of
the United States; or
(2)     resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts.  An

"unreasonable application" occurs when the state court identifies the correct

legal principle from a Supreme Court's decision but unreasonably applies that

principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362,

412-13 (2000).  A federal habeas court may not find a state adjudication to be

"unreasonable" "simply because that court concludes in its independent

_____

    [4]  Petitioner originally sought relief on a fourth claim which alleged the denial of the effective
assistance of counsel.  On January 12, 2010, this Court permitted petitioner to withdraw this claim in *lieu*
of having the petition dismissed on the ground that this claim had not been exhausted with the state
courts.

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III.  Discussion

**A.  Claims # 1 and # 3.  The procedurally defaulted claims.**

The Court will discuss petitioner's first and third claims together for judicial economy.  In his first claim, petitioner contends that he was denied the right to exercise all of his peremptory challenges.  In his third claim, petitioner alleges that the trial court erred in failing to instruct the jurors that aiders and abettors must possess the same specific intent as the principal in order to be convicted of specific intent crimes.  Respondent contends that petitioner's claims are waived and procedurally defaulted because counsel expressed satisfaction with the jury as constituted and with the instructions as given.

The Michigan Court of Appeals rejected petitioner's peremptory challenge claim, finding that petitioner had waived any claim that he was denied the right to exercise all of his peremptory challenges by expressing satisfaction with the jury as it was constituted and by declining to exercise further peremptory challenges. *Clark,* Slip. Op. at * 9-10.  The Michigan Court of Appeals likewise rejected petitioner's instructional error claim on the ground that petitioner's counsel had expressed satisfaction with the instructions as given. *Id.* at * 10-11.

Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the

issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219; 612 N.W. 2d 144 (2000).  Because the Michigan Court of Appeals relied on counsel's expression of satisfaction with the jury as constituted and with the jury instructions as given to reject petitioner's first and third claims, these two claims are procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir. 2006).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *See also Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 860 (E.D. Mich. 2009).   If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513

6

U.S. 298, 324 (1995).

In the present case, petitioner has offered no reasons for his failure to preserve his first and third claims. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his first or third claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's first and third claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).

With respect to petitioner's first claim, the United States Supreme Court

7

has repeatedly held that peremptory challenges are not of a federal constitutional dimension. *See Rivera v. Illinois,* 129 S. Ct. 1446, 1454 (2009)("[B]ecause peremptory challenges are within the States' province to grant or withhold, the mistaken denial of a state-provided peremptory challenge does not, without more, violate the Federal Constitution."); *See also U.S. v. Martinez-Salazar,* 528 U.S. 304, 311 (2000)*;Georgia v. McCollum,* 505 U.S. 42, 57 (1992)("This Court repeatedly has stated that the right to a peremptory challenge may be withheld altogether without impairing the constitutional guarantee of an impartial jury and a fair trial"); *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988); *Gray v. Mississippi,* 481 U.S. 648, 663 (1987); *Stilson v. United States*, 250 U.S. 583, 586 (1919)("There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges."). Petitioner would not be entitled to habeas relief on his claim that he was not entitled to exercise all of his peremptory challenges.

With respect to his instructional error claim, the jury instructions, when read in their entirety, adequately informed the jurors that in order to convict petitioner of being an aider and abettor to first-degree murder or assault with intent to commit murder, the jurors would have to find that petitioner specifically intended to commit these crimes or that he knew that one of his co-defendants specifically intended to commit first-degree murder or assault with intent to commit murder.  The trial court instructed the jury on the elements of aiding and

8

abetting, including the element that "the defendant must have intended the commission of the crime alleged or must have known that the other person intended its commission at the time of giving the assistance." Immediately after giving this instruction, the trial court instructed the jury on the elements of first-degree felony and premeditated murder and assault with intent to commit murder, including the fact that these offenses are specific intent crimes. (Tr. 5/13/2004, pp. 113-118). Finally, the Michigan Court of Appeals upheld the trial court's instruction as being an accurate statement of the law. *Clark,* Slip. Op. at * 11.

Where a state appeals court finds that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it. *Seymour v. Walker*, 224 F. 3d 542, 558 (6th Cir. 2000). Because the Michigan Court of Appeals determined that the trial court properly instructed the jury that a finding of aiding and abetting could be made only if the jury found that petitioner or one of his accomplices knew that the other had the specific intent to commit a crime, petitioner is not entitled to habeas relief. *See Williams v. Withrow,* 328 F. Supp. 2d 735, 752-53 (E.D. Mich. 2004).

**B. Claim # 2. Sufficiency of evidence claim.**

Petitioner next contends that there was insufficient evidence to convict him

of first-degree murder or assault with intent to commit murder. [5]

In reviewing a habeas petitioner's claim that the evidence was insufficient to convict him, a federal court is "bound by two layers of deference to groups who might view facts differently than" the court would. *Brown v. Konteh,* 567 F. 3d 191, 205 (6th Cir. 2009). First, as in all sufficiency of evidence challenges, a court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the court does not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* (*citing United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir.1993)). Therefore, even if a federal habeas court might have not voted to convict a defendant had it participated in the jury deliberations, it must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all factual disputes in favor of the prosecution. Secondly, even if a federal habeas court concludes that a rational trier of fact could not have found

---

[5] Petitioner was originally convicted of two counts of first-degree felony murder and two counts of first-degree premeditated murder, but the felony murder convictions were vacated by the trial court at sentencing. Under Michigan law, "Where dual convictions of first-degree premeditated murder and first-degree felony murder arise out of the death of a single victim, the dual convictions violate double jeopardy. The proper remedy is to modify the judgment of conviction and sentence to specify that defendant's conviction is for one count and one sentence of first-degree murder supported by two theories: premeditated murder and felony murder." *People v. Adams*, 245 Mich. App 226, 241-242; 627 N.W. 2d 623 (2001)(citations omitted). The Michigan Court of Appeals ordered that petitioner's judgment of sentence be corrected consistent with the holding in *Adams* to reflect that petitioner was convicted of two counts of first-degree murder supported by both theories. *Clark,* Slip. Op. at * 2, n. 2.

a habeas petitioner guilty beyond a reasonable doubt, on habeas review, the court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown,* 567 F. 3d at 205; *See also Tucker v. Palmer,* 541 F. 3d 652, 666 (6th Cir. 2008)(citing 28 U.S.C. § 2254(d)(1)). A habeas court does not substitute its own judgment for that of the finder of fact. *See Crenshaw v. Renico,* 261 F. Supp. 2d 826, 832 (E.D. Mich. 2003). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16.

Petitioner claims that there was insufficient evidence to establish that he had the requisite intent to commit first-degree murder or assault with intent to commit murder, or that he knew ahead of time of either of his co-defendant's actions and intentions. In rejecting this claim, the Michigan Court of Appeals held:

> There was evidence presented that defendant [Horace Clark] actively participated and assisted in the commission of the crimes by holding the victims at gunpoint, by directing them to place pillowcases over their heads, by forcing them to move about the house, and by wrestling with Pia Stanton, and he was quite possibly involved as the actual shooter when considering the witnesses' testimony. The victims were not permitted to interfere while Pia Stanton was struggling with two of the defendants. The fact that multiple victims were shot in the head at different times, in varying locations, and at close range (execution style), with two having been forced to place pillowcases over their heads, clearly provides circumstantial evidence of an intent to kill or knowledge of an intent to kill that can be attributed to defendant, especially considering the evidence that he marched the

victims through the home and forced them to wear pillowcases over their heads and evidence that he did not leave after Pia Stanton was murdered. He continued participating in the criminal activity. To the extent that there was conflicting evidence regarding the nature of defendant's involvement and credibility issues relative to the prosecution's witnesses, such matters are left to the jury for resolution and not this Court
*Clark,* Slip. Op. at * 10.

To constitute first-degree premeditated murder in Michigan, the state must establish that a defendant's intentional killing of another was deliberated and premeditated. *See Scott v. Elo*, 302 F. 3d 598, 602 (6th Cir. 2002)(*citing People v. Schollaert*, 194 Mich. App. 158; 486 N.W.2d 312, 318 (1992)). The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001)(*citing People v. Anderson*, 209 Mich. App. 527, 537; 531 N. W. 2d 780 (1995)). Premeditation may be established through evidence of the following factors:

1. the prior relationship of the parties;
2. the defendant's actions before the killing;
3. the circumstances of the killing itself;
4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F. 3d 485, 491 (6th Cir. 2004); *Anderson*, 209 Mich. App. at 527.

Although the minimum time required under Michigan law to premeditate "is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to

12

subject the nature of his response to a 'second look.'" *See Williams v. Jones,* 231 F. Supp. 2d 586, 594-95 (E.D. Mich. 2002)((*quoting People v. Vail,* 393 Mich. 460, 469; 227 N.W. 2d 535 (1975)). "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Alder v. Burt,* 240 F. Supp. 2d 651, 663 (E.D. Mich. 2003). "[A]n opportunity for a 'second look' may occur in a matter of seconds, minutes, or hours, depending upon the totality of the circumstances surrounding the killing." *Johnson,* 159 F. Supp. 2d at 596(*quoting People v. Berthiaume*, 59 Mich. App. 451, 456 (1975)). Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *See People v. Berry*, 198 Mich. App. 123, 128; 497 N. W. 2d 202 (1993). Use of a lethal weapon will support an inference of an intent to kill. *Johnson,* 159 F. Supp. 2d at 596 (citing *People v. Turner*, 62 Mich. App. 467, 470; 233 N.W. 2d 617 (1975)). Finally, premeditation and intent to kill may be inferred from circumstantial evidence. *See DeLisle v. Rivers,* 161 F. 3d 370, 389 (6th Cir. 1998).

Under Michigan law, the elements of first-degree felony murder are:

(1) the killing of a human being;
(2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice);

(3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F. 3d 780, 789 (6th Cir. 2003)(*citing to People v. Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

In the present case, the underlying predicate felony was larceny.  Under Michigan law, "[t]he elements of larceny are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be the goods or personal property of another, (5) and the taking must be without the consent of and against the will of the owner." *U.S. v. Payne*, 163 F. 3d 371, 373 (6th Cir. 1998)(*quoting People v. Ainsworth*, 197 Mich.App. 321, 495 N.W.2d 177, 178 (1992).

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *See Warren v. Smith,* 161 F. 3d 358, 361 (6th Cir. 1998).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

1. the crime charged was committed by the defendant or some other person;

2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and

3. the defendant intended the commission of the crime or had

14

> knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F. 3d 315, 322 (6th Cir. 2007)(*citing People v. Carines*, 460 Mich. at 757-58.

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981). Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N. W. 2d 728 (1995). The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*; 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992). Finally, the Michigan Supreme Court has held that there is no language in Michigan's aiding and abetting statute that shows an intent by the Michigan Legislature "to abrogate the common-law theory that a defendant can be held criminally liable as an accomplice if: (1) the defendant intends or is aware that the principal is going to commit a specific criminal act; or (2) the criminal act committed by the principal is an 'incidental consequence[ ] which might reasonably be expected to result from the intended wrong.'" *People v. Robinson,* 475 Mich. 1, 9; 715 N.W. 2d 44 (2006)(*quoting* Perkins, Criminal Law (3d ed.), pp. 741-43, 745).

15

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *Long v. Stovall,* 450 F. Supp. 2d 746, 753 (E.D. Mich. 2006); *People v. Wilson*, 196 Mich. App. 604, 614; 493 N. W. 2d 471 (1992). The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995).  An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *People v. Turner,* 213 Mich. App. at 568-69.

Mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense. *People v. Norris*, 236 Mich. App. 411, 419-20; 600 N. W. 2d 658 (1999); *Fuller v. Anderson*, 662 F. 2d at 424.  "[H]owever, a claim of mere presence is not a 'catch-all excuse' to defeat an inference of guilt beyond a reasonable doubt.  In evaluating a 'mere presence' defense, a factfinder must distinguish, based upon the totality of the circumstances, between one who is merely present at the scene and one who is present with criminal culpability." *See Long v. Stovall*, 450 F. Supp. at 754 (internal citation omitted).  An aider and

16

abettor who is intentionally present during the commission of a crime may be silent during the crime's commission, "but by his demeanor, or through behavior and acts not directly related to the crime, provide 'moral support' that is recognizable to, and relied upon by, the principal. Such acts may be silent and may not be overt but may still amount to more than 'mere' presence". *Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). Michigan's "broad definition" of aiding and abetting "easily encompasses situations where the alleged aider and abettor, although silent and not committing acts directly related to the crime, was not 'merely' present, but providing emotional encouragement and support." *Id.*

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner aided and abetted in the murders of Pia Stanton and Corey Brown and the assault with intent to commit murder on Jovan Stanton. The evidence at trial, when viewed in a light most favorable to the prosecution, shows that petitioner held the victims at gunpoint, ordered them to place pillowcases over their heads, and forced them to move about the house. One witness testified that petitioner wrestled with Pia Stanton, which could lead to a reasonable inference that petitioner was the person who actually shot and killed Pia Stanton. Moreover, as the Michigan Court of Appeals noted, the fact that multiple victims were shot in the head at different times, in different parts of the house, and at close range or execution style, with two of the victims having been forced by petitioner at gunpoint to place pillowcases over their heads, provided

circumstantial evidence that petitioner either intended to kill the victims or knew that his co-defendants intended to kill the victims.  In light of the fact that petitioner accompanied his two co-defendants to a drug house while all three men were armed with a weapon and then assisted the other co-defendants by ordering the victims at gunpoint to place pillowcases over their heads and to march downstairs, the ultimate shooting of the victims in this case was an 'incidental consequence[ ] which might reasonably be expected to result from the intended wrong.'" *People v. Robinson,* 475 Mich. at 9.

With regards to the first-degree murder charges in particular, petitioner's participation in these crimes, while either he or his co-defendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that petitioner acted with malice aforethought, so as to support a conviction for first-degree felony murder on an aiding and abetting theory. *See Hill v. Hofbauer,* 337 F. 3d 706, 719-20 (6th Cir. 2003)(intent for felony murder "can be inferred from the aider and abettor's knowledge that his cohort possesses a weapon.").

Finally, to the extent that petitioner is attacking the credibility of the witnesses to claim that the evidence is legally insufficient, petitioner would not be entitled to habeas relief.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002)(internal citation

omitted).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*  To the extent that petitioner points to conflicts between the testimony of various witnesses, this portion of petitioner's insufficiency of evidence claim rests on an allegation of the witnesses' credibility, which is the province of the jury.  Petitioner is therefore not entitled to habeas relief on such a claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

In light of the evidence presented in this case, the Michigan Court of Appeals did not unreasonably apply clearly established federal law in determining that the evidence was sufficient to convict petitioner of two counts of first-degree murder and one count of assault with intent to commit murder on an aiding and abetting theory. *See Brown,* 567 F. 3d at 209-12.  Petitioner is not entitled to habeas relief on his second claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this

denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an

appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
Dated: **October 29, 2010**        **UNITED STATES DISTRICT JUDGE**

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, and Counsel for the Respondent.

s/Bernadette M. Thebolt
Case Manager